IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PACIFIC HEIGHTS INN - SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | No. C-04-03368 EDL<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

On August 17, 2004, Plaintiffs Organization for the Advancement of Minorities with Disabilities suing on behalf of David Singletary and David Singletary filed this action against Defendants Pacific Heights Inn - San Francisco, Gene Ladrech, Ladrech Family Ltd Partnership and Hcerdal, Inc. for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12102, 12181-12183, 12201, and of the California Unruh Act, California Civil Code section 51, *et seq.* Default was entered against Pacific Heights Inn - San Francisco on December 29, 2004. On December 2, 2005, Plaintiffs filed a motion for default judgment against all Defendants. However, there is no entry of default against any Defendant other than Pacific Heights Inn - San Francisco and Plaintiffs have made no showing that the other Defendants have even been served with the complaint. See Dec. 14, 2004 Case Management Conference Statement at 2:7-7-11 ("Plaintiffs' counsel was unable to successfully serve Defendants Ladrech Family Ltd Partnership, Gene Ladrech and Hcerdal, Inc. . . . ."). Accordingly, this report's recommendations pertain only to Pacific Heights Inn - San Francisco.

1  Plaintiffs' motion came on for hearing on January 10, 2006. Attorney Theodore Pinnock
2 appeared by telephone for Plaintiffs. Defendant did not file an opposition to Plaintiffs' motion and
3 did not appear at the hearing. As Defendant Pacific Heights Inn - San Francisco has neither
4 appeared in this matter nor consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §
5 636(c), this matter will be reassigned to a district judge with the following report and
6 recommendation.

**BACKGROUND**

Plaintiff Singletary has a physical impairment and operates a wheelchair for mobility. Compl. ¶ 9. Singletary is a member of Plaintiff Organization for the Advancement of Minorities with Disabilities ("Organization"). Compl. ¶¶ 4, 9. The Organization was "formed to advocate for the civil rights of minorities with disabilities" and its members "intend to zealously advocate for minorities with disabilities and desire equal access to businesses within their community." Compl. ¶¶ 7, 8.

Singletary alleges that on August 17, 2004, when he patronized Defendant Pacific Heights Inn, he had difficulty using the disabled parking, the exterior path of travel, the entrance, the customer service counter and the guestroom facilities because the Inn failed to comply with the Americans with Disabilities Act Access Guidelines for Buildings and Facilities, or with California's Title 24 Building Code Requirements. Compl. ¶ 10. The required Reflectorized International Symbol of Accessibility for a van and auto parking space is only 24 inches above the ground in the path of travel; the minimum height placement requirement is 80 inches above ground. Compl. ¶ 12. Further, there is no sign in the parking lot with a telephone number informing drivers that unauthorized parking in spaces reserved for persons with disabilities will result in towing. Compl. ¶ 12. The doorknob at the entrance to the Inn is not operable with single effort without requiring the ability to grasp the knob. Compl. ¶ 13. Further, the night counter and the guest check-in counter are 44 3/4 inches and 46 inches high, respectively, which exceeds the maximum allowable height of 28-34 inches high. Compl. ¶ 14. The path of travel from the accessible parking to the front desk is practically obstructed by loose mats at every guest door on the ground floor level. Compl. ¶ 14. There are also impermissible loose mats outside the guest registration door and outside the after

hours guest registration door. Compl. ¶ 14.

Plaintiffs allege that the Pacific Heights Inn has approximately forty rooms, only one of which is accessible and that room is not located on an accessible route. Compl. ¶ 16. They further allege that a hotel of this size must provide two accessible rooms. Compl. ¶ 16.

Plaintiffs allege that Singletary and other members of the Organization desire to return to Defendant's place of business in the near future. Compl. ¶ 19. Singletary was extremely upset due to the lack of access, and suffered anger, embarrassment, depression, anxiety, mortification, humiliation, distress and fear of physical injury. Compl. ¶¶ 20, 41. He also experienced pain in his legs, back, arms, wrists and shoulders when he attempted to enter, use and exit the Inn. Compl. ¶¶ 20, 41.

Plaintiffs allege claims for violation of the Americans with Disabilities Act and sections 54.1, 51 and 52(a) of the California Civil Code, in addition to a claim for negligence. The complaint seeks an order requiring injunctive relief, statutory damages, attorney's fees and costs.

**DISCUSSION**

Default judgments are governed by Federal Rule of Civil Procedure 55. A decision to grant or deny a motion for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In considering a motion for default judgment, the factual allegations in the complaint are taken as true. Televideo Systems, Inc, 826 F.2d at 917-18 (9th Cir. 1987) (citing Geddes v. United Financial Group, 599 F.2d 557, 560 (9th Circ. 1977)).

If the party against whom a default judgment is sought has appeared in the action, the party must be served with written notice of the application for judgment at least three days prior to the hearing. Fed. R. Civ. P. 55(b)(2). As Pacific Heights Inn - San Francisco has never appeared in this action, there was no requirement that it be given notice of Plaintiffs' motion for default judgment. Plaintiffs, however, served a copy of the motion for default judgment on all Defendants except Hcerdal, Inc. on December 6, 2005.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Financial Group, 599

3

1 F.2d 557, 560 (9th Cir. 1977)).  The court may conduct any hearings necessary to take an account, 2 establish the truth of any averment, or investigate any other matter necessary to enter a default 3 judgment or to carry a judgment into effect.  Fed. R. Civ. P. 55(b)(2).  In addition, "[a] judgment by 4 default shall not be different from or exceed in amount that prayed for in the demand for judgment." 5 Fed. R. Civ. P. 54(c).

6 Although Plaintiffs sought additional remedies in their complaint, Plaintiffs' motion for 7 default judgment now seeks statutory damages only for the denial of equal access pursuant to 8 California Civil Code § 52(a) in the amount of $28,000.00, plus attorney's fees of $13,500.00 and 9 $1,327.00 in costs.  Plaintiffs' counsel confirmed at the hearing that damages are sought on behalf 10 the individual Plaintiff only; the complaint alleges that Plaintiff Singletary's exposure to 11 inaccessible conditions at the Inn was degrading and humiliating to persons with disabilities, such as 12 Singletary.  The Unruh Civil Rights Act, codified at section 51 of the California Civil Code, bans 13 various types of discrimination, including discrimination against the disabled in places of public 14 accommodation.  Cal. Civ. Code § 51(b).  Section 52(a) of the California Civil Code provides for 15 actual and statutory damages, plus attorney's fees, for violations of section 51.  Cal. Civ. Code § 16 52(a).  Section 52(a) allows a plaintiff to recover "actual damages, and any amount that may be 17 determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of 18 actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that 19 may be determined by the court in addition thereto, suffered by any person denied the rights 20 provided in Section 51, 51.5, or 51.6."  Id.

21 Plaintiffs argue that they are entitled to $28,000.00, that is, the statutory minimum amount of 22 $4,000.00 under Civil Code section 52(a) for each of seven barriers to access at the Pacific Heights 23 Inn.  See Mot. for Def. J. at 5; Newlin v. 22nd District Agricultural Ass'n of the State of Cal., 94- 24 1150 K (CM) (transcript of Dec. 13, 1996 hearing at 8:19-12:18) (holding that under Civil Code 25 section 52, the plaintiff was entitled to statutory damages for each of seven architectural barriers 26 with which he came into contact at a concert that took place at a fair); Parr v L&L Drive-Inn 27 Restaurant, 96 F. Supp. 2d 1065 (D. Hi. 2000) (Civil Code section 52(a) not at issue).  The weight of 28 authority, however, does not support this construction of Civil Code section 52(a), and the recent

4

authority holds that statutory damages under this section are limited to each time that a plaintiff visits (or is deterred from visiting) a non-compliant establishment even if the establishment contains numerous architectural barriers. Molski v. Rapazzini Winery, 400 F. Supp. 2d 1208, 1211 (N.D. Cal. April 6, 2005) (holding that the plaintiff in an ADA access case alleging numerous barriers was not entitled to daily damages: "Instead, 'each offense' is each time the plaintiff visits the non-compliant place of public accommodation or each specific instance in which the plaintiff is deterred from attempting to visit."); Martinez v. Longs' Drug Stores, 2005 WL 2072013, *6 (E.D. Cal. Aug. 25, 2005) (awarding the statutory minimum damages of $4,000 under Civil Code section 52(a) for the one visit the plaintiff made to the store that was allegedly non-compliant with the ADA, even though the plaintiff had alleged eight barriers); see also Lentini v. California Center for the Arts Escondido, 370 F.3d 837, 847, n. 11, 12 (9th Cir. 2004) (affirming damages award of $7,000 based on the statutory minimum of $1,000 for each performance that the plaintiff was deterred from attending; the defendant did not dispute that California Civil Code 52 (a) applies to each incident of deterrence). Accordingly, the Court recommends that Plaintiff Singletary be awarded $4,000.00 minimum statutory damages under Civil Code section 52(a) for the one occasion on which he was denied equal access to Pacific Heights Inn - San Francisco.

Plaintiffs also seek attorney's fees in the amount of $13,500.00, consisting of 36 hours at counsel's hourly rate of $375.00. Pinnock Decl. Ex. C; Cal. Civil Code §§ 52, 54.3. Counsel's hourly rate is reasonable. The amount of hours spent, however, should be reduced by three hours. For example, six hours preparing the motion for default judgment is a bit excessive in view of evidence that counsel used pleadings from another case with another plaintiff. See Mot. for Default J. at 3:12; 6:16-20. Further, counsel seeks reimbursement for one hour of time spent doing research to try to locate some Defendants, which would not be reimbursable in the case against Pacific Heights Inn - San Francisco, the only Defendant at issue here. Accordingly, the Court recommends awarding fees in the amount of $12,375.00.

Plaintiffs seek costs in the amount of $1,327.00. These costs are reasonable and the Court recommends awarding them to Plaintiffs.

**CONCLUSION**

For the reasons set forth above, and for good cause shown, the Court recommends that the following default judgment be entered:

> This Court having previously entered default against Defendant Pacific Heights Inn - San Francisco for failure to answer the complaint, and Plaintiffs having applied to this Court for entry of default judgment,

IT IS ORDERED that:

Plaintiff Singletary has established that he is entitled to $4,000 in damages, pursuant to section 52(a) of the California Civil Code. Plaintiffs shall recover $12,375.00 in attorney's fees and $1,327.00 in costs from Defendant.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: January 20, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge